**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Action No. 10-cr-00279-REB-2
Civil Action No. 12-cv-00738-REB

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

GARY M. LUCKNER,

    Defendant-Movant.

**ORDER CONCERNING MOTION TO VACATE, SET ASIDE OR
CORRECT SENTENCE UNDER 28 U.S.C. § 2255**

**Blackburn, J.**

This matter is before me on the **Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside or Correct Sentence by a Person in Federal Custody** [#96][1] filed March 23, 2012. The government filed a response [#102], and the movant filed a reply [#104]. I deny the motion as to claim two and order a hearing on claims one and three.

## I. BACKGROUND

The defendant-movant, Gary Luckner, pled guilty to a one-count information in which he was charged with conspiracy to commit mail fraud, in violation of 18 U.S.C. § 1349. The court sentenced Mr. Luckner to 90 months in prison. Mr. Luckner did not appeal.

According to Mr. Luckner, he contacted Glenn Jasperse, an attorney with the U.S.

---

[1] "[#96]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

Department of Justice, within a day after Mr. Luckner received a target letter from Mr. Jasperse. *Declaration of Gary Luckner* [#97-1] ¶ 1. The target letter [#102-1] is dated October 8, 2009. Mr. Luckner says he left a voice mail message for Mr. Jasperse indicating that Mr. Lucker would cooperate fully in the investigation. A short time later, Mr. Luckner met with his attorney, William Taylor. During that meeting, Mr. Taylor advised Mr. Luckner that Mr. Jasperse had "offered a 'charge bargain' of five years if I agreed to plead guilty and cooperate." *Luckner Declaration* [#97-1], ¶ 2.

Mr. Luckner says he told Mr. Taylor that the five year deal sounded like a good offer. However, Mr Taylor said "we were not going to accept the deal . . . ." *Id*., ¶ 3. According to Mr. Luckner, Mr. Taylor did not tell him that it was solely the decision of Mr. Luckner to accept or reject this offer. *Id.* In addition, Mr. Taylor did not advise him that "the first individuals who plead guilty and cooperate almost always receive the best deal" and that the five year offer would be lost if not accepted at that time. *Id.*

In January 2010, Mr. Luckner and Mr. Taylor met with Mr. Jasperse. *Id.*, ¶ 4; *Taylor declaration* [#102-2], ¶ 10. Mr. Lucker cooperated fully, telling Mr. Jasperse everything about Mr. Lucker's involvement with the offense and all relevant conduct. *Id.*, ¶ 4. After the proffer by Mr. Luckner, Mr. Jasperse offered Mr. Luckner a different plea agreement. Mr. Lucker accepted that offer, entered his plea of guilty, and was sentenced to 90 months in prison.

After his sentencing, Mr. Luckner instructed his attorney, Mr. Taylor, to file an appeal. After some discussion between Mr. Luckner and Mr. Taylor, Mr. Taylor convinced Mr. Luckner that an appeal would be pointless. *Luckner declaration.*, ¶ 8. In addition, Mr. Taylor told Mr. Luckner that the government would not consider moving for an additional sentence reduction under FED. R. CRIM. P. 35(b) if Mr. Luckner filed an appeal. *Id.* No

2

appeal was filed.

In his § 2255 motion, Mr. Luckner alleges that his defense counsel was constitutionally ineffective in three areas: (1) failing to advise Mr. Luckner to accept the five-year plea agreement allegedly offered by the government before Mr. Luckner was indicted; (2) failing to object at sentencing when the court purportedly failed to consider the 18 U.S.C. § 3353(a) factors separately from the factors regarding a downward departure under USSG § 5K1.1; and (3) failing to file an appeal.

### III.  STANDARD OF REVIEW

Under 28 U.S.C. § 2255(a), a federal prisoner claiming the right to be released on the ground that his federal sentence "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack," may move to have his sentence vacated, set aside, or corrected.

A district court may dismiss a § 2255 motion without holding a hearing  if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).  "If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified."  Rules Governing Section 2255 Proceedings, Rule 4(b). "[T]he district court is entitled to consider all the circumstances in the record in determining whether a hearing should be afforded." *Aleman v. United States*, 878 F.2d 1009, 1012 (7th Cir.1989) (internal quotation omitted).  Summary disposition of habeas corpus petition is appropriate when the petition is "based on claims of unkept promises and misunderstanding when the court record refutes the claims." *Lasiter v. Thomas*, 89 F.3d

3

699, 703 (10th Cir. 1996). A district court does not err in refusing to hold an evidentiary hearing on the voluntariness of a plea when the allegations of the applicant are contradicted by the statements of the applicant made on the record during the plea colloquy. *Id*.; **see also Gaskey v. Hartley**, 280 F. App'x 746, 748 (10th Cir. 2008).

To prevail on any discreet claim of ineffective assistance of counsel, Mr. Luckner must show as to that specific claim "that counsel's performance was deficient," *i.e.*, "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. He also must demonstrate that counsel's "deficient performance prejudiced the defense." *Id.* This second element requires a showing "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* Although not insurmountable, the **Strickland** standard is "highly demanding." **Kimmelman v. Morrison**, 477 U.S. 365, 382 (1986). I may address the two elements in any order, and I need not reach both if I find that Mr. Luckner has failed to meet the requirements of one. **Strickland**, 466 U.S. at 697.

Addressing the first element, my inquiry must be whether, considering all the circumstances as of the time of the conduct, "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. I review the performance of counsel with great deference, indulging "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689 (quotation omitted). **See id.** at 690 ("the court should recognize that counsel is strongly presumed to have rendered adequate assistance

4

and made all significant decisions in the exercise of reasonable professional judgment"); *see also* **Ransom v. Johnson**, 126 F.3d 716, 721 (5th Cir. 1997) ("Tactical and strategical decisions of counsel 'if based on informed and reasoned practical judgment' will not be second-guessed") (quotation omitted).

Even if Mr. Luckner is able to show that the performance of his counsel was constitutionally deficient, he is not entitled to relief under § 2255 unless he can affirmatively prove the deficiencies created prejudice. **Strickland**, 466 U.S. at 693. The Supreme Court summarized this element of the **Strickland** test as requiring that the defendant show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The Court defined a reasonable probability as "a probability sufficient to undermine confidence in the outcome." *Id.* In the context of a claim of ineffective assistance of counsel in connection with a plea agreement, prejudice can be shown only if the defendant demonstrates a reasonable probability that, but for the constitutionally deficient performance of counsel, the defendant would not have pleaded guilty and would have insisted on going to trial. **Hill v. Lockhart**, 474 U.S. 52, 59 (1985).

In applying this test, I keep in mind that "[t]he purpose [of the effective assistance guarantee of the Sixth Amendment] is simply to ensure that criminal defendants receive a fair trial" and not to improve the quality of legal representation. *Id.* at 689. **See id**. at 686 ("The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result").

After due consideration, I conclude that it appears plainly from the face of the motion and the record in this case that Mr. Luckner is not entitled to relief on his second

claim. On the other hand, I conclude that Mr. Luckner is entitled to a hearing on his first claim to determine whether a plea bargain including a five year sentence was offered to Mr. Luckner in late 2009 and, if so, the terms and circumstances of that offer. In addition, the facts surrounding the direction of Mr. Luckner to Mr. Taylor to file an appeal should be determined also.

## IV.  ANALYSIS - CLAIM TWO

Mr. Luckner claims the court erred at his sentencing hearing by (1) failing to consider the relevant factors under § 3553(a) separately from the factors relevant to a downward departure under §5K1.1 of the United States Sentencing Guidelines; and (2) failing to consider all seven of the § 3553(a) factors. Given those alleged errors, Mr. Luckner contends his defense counsel was ineffective because he failed to object to these errors at the sentencing hearing.

In support of this claim, Mr. Luckner cites a statement made by the court at the sentencing hearing:

> Ninety months seems like an eternity. But let me tell all of you that a downward departure of 33-and-a-third percent is extraordinary in my experience as a judge.
>
> And that downward departure in and of itself, because of its extremity, takes into account and includes almost all of the other considerations that would favor a sentence variance.
>
> I know to Mr. Luckner and his family 90 months in prison does not seem like a break, but without such an extraordinary request, we are talking about a sentence of eleven, twelve or thirteen years in prison.

*Sentencing Transcript* [#92], p. 112. In the view of Mr. Luckner, this statement demonstrates that the court failed to consider each of the seven sentencing factors specified in § 3553(a) and failed to consider those factors separately from the factors affecting the extent of a downward departure under §5K1.1.

6

Mr. Luckner conveniently ignores the rest of the transcript of his sentencing hearing. The transcript shows that the court considered the five factors specified in guideline section 5K1.1. *Sentencing Transcript* [#92], pp. 106-107. Those factors were considered in resolving the motion for downward departure [#59] filed by the government. *Id.* Immediately after those factors were addressed, the transcript shows that the court considered separately the seven § 3553(a) factors. *Id.*, pp. 107-111. The court stated that it considered those factors in resolving the motion [#61] for a sentence variance or non-guideline sentence filed by Mr. Luckner. *Id.*, p. 107. Any reasonable reading of pages 106 through 112 of the transcript shows that the court considered the five factors specified in §5K1.1 and then considered separately all seven of the § 3553(a) factors. The court summarized the ultimate result in the quotation cited by Mr. Luckner. In short, Mr. Luckner quotes an excerpt out of context and tries to fashion a § 2255 claim. Reading the six pages immediately preceding the cited quotation demonstrates without question that Mr. Luckner's contention is baseless.

In his reply, Mr. Luckner describes his second claim as follows: "In essence, Luckner argues that the Court should have departed first under §5K1.1., and then considered the § 3553(a) factors in assessing whether a variance (sic) sentence was appropriate." *Reply* [#104], p. 5. Reading pages 106 to 112 of the sentencing transcript shows that is precisely what occurred at the sentencing hearing of Mr. Luckner. The record demonstrates that the court did not err in considering the relevant sentencing factors. As a result, the fact that defense counsel did not object to the analysis undertaken by the court does not constitute ineffective assistance of counsel. Accordingly, Mr. Luckner is not entitled to relief on claim two.

## V. CONCLUSION & ORDERS

Mr. Luckner is not entitled to relief on claim two; thus, his motion is denied as to claim two. Before resolving claims one and three, the court will conduct an evidentiary hearing on those claims.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside or Correct Sentence by a Person in Federal Custody** [#96] filed March 23, 2012, is **DENIED** as to claim two concerning the analysis and application of the relevant sentencing factors;

2. That the court **SHALL CONDUCT** an evidentiary hearing on claims one and three; and

3. That counsel are instructed to contact the court's administrative assistant, **Susan Schmitz, at (303) 335-2350** on **May 29, 2014, at 10:00 a.m. (MDT)**, to schedule the evidentiary hearing on claims one and three.

Dated May 16, 2014, at Denver, Colorado.

                                                  **BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge